The Memorandum Decision and Order below is hereby signed.  Dated: August 27, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PRISCILLA M. DAME, | ) | Case No. 07-00634 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MARY DURRUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 08-10008 |
| PRISCILLA M. DAME, | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS

This is an adversary proceeding brought in the name of the debtor's former landlord, as plaintiff, seeking a determination that a debt arising out of the landlord-tenant relationship between the parties is nondischargeable based on the debt being for property or services obtained by fraud.  The debtor, proceeding *pro se*, filed a motion to dismiss on April 25, 2008.  The plaintiff has not responded to the motion to dismiss, but this can be explained by the fact that the plaintiff apparently

died on March 12, 2008, and in the meantime, the attorney who filed the complaint has been attempting to obtain authority to file a motion to substitute the estate of the deceased plaintiff as the plaintiff. At a scheduling conference today, that attorney represented that such a motion would be filed. The debtor now has counsel in this case, but he has not filed any memorandum supplementing the debtor's motion to dismiss. So the court has had not had the benefit of briefing of the issues by counsel for either side.

  The debtor's motion to dismiss, as I understand it, asserts that the only fraud alleged was with respect to the entry into the lease between the parties, and that a settlement agreement between the parties resulted in a novation such that only fraud with respect to the settlement agreement could constitute a basis for pursuing a nondischargeability complaint. At this juncture, without the issues having been briefed by the parties' counsel, I am of the view that the motion ought to be denied based on <u>Archer v. Warner</u>, 538 U.S. 314, 123 S.Ct. 1462, 155 L.Ed.2d 454 (2003), and <u>United States v. Spicer</u>, 57 F.3d 1152, 1155 (D.C. Cir. 1995) ("The weight of recent authority rejects" the novation theory), <u>cert. denied</u>, 516 U.S. 1043, 116 S.Ct. 701, 133 L.Ed.2d 658 (1996). Moreover, the complaint alleges as well that there was fraud in procuring the settlement agreement (and the services called for by that agreement).

  If I have misunderstood the debtor's asserted grounds for

dismissal, or her counsel can demonstrate that the foregoing analysis is flawed, she may renew her motion to dismiss so that the court has the benefit of the parties' counsels' briefing of the issues.  In the meantime, the debtor's counsel has stated an intention to seek dismissal by September 12, 2008, on the alternative ground that the adversary proceeding complaint was a nullity because the plaintiff died prior to the filing of the complaint (and he has noted that a new adversary proceeding brought by the estate of the deceased plaintiff would be time-barred under Fed. R. Bankr. P. 4007(b)).  In accordance with the foregoing, it is

    ORDERED that the debtor's motion to dismiss this adversary proceeding is denied without prejudice to the filing of a motion to dismiss on new grounds (or on grounds contending that the court has misconstrued the grounds of the current motion to dismiss or that the foregoing analysis is flawed).  It is further

    ORDERED that any motion to dismiss shall be filed by September 12, 2008, failing which an answer shall be filed by that date.

    [Signed and dated above.]

Copies to: Andre P. Barber, Esq.; Ronald L. Schwartz, Esq.; Debtor.