The Memorandum Decision below is hereby signed.

Dated: October 2, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | |
| PRISCILLA M. DAME, ) | Case No. 07-00634 |
| ) | (Chapter 7) |
| Debtor. ) | |
| _____ ) | |
| ) | |
| MARY DURRUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. |
| ) | 08-10008 |
| PRISCILLA M. DAME, ) | Not for Publication in |
| ) | West's Bankruptcy Reporter |
| Defendant. ) | |

## MEMORANDUM DECISION RE MOTION TO DISMISS

The defendant has moved to dismiss this adversary proceeding on the basis that the plaintiff died before the complaint was filed.  I will grant the motion for the following reasons.

The plaintiff had earlier moved to substitute the Estate of Mary Denman Durrum, deceased, as the plaintiff but the defendant properly opposed that motion (and it is being denied) because only the personal representative of a decedent's estate may sue on behalf of the decedent's estate.  The plaintiff has failed to

file a new motion (to substitute the personal representative as the plaintiff) despite the defendant's opposition having raised the impropriety of seeking to have a decedent's estate substituted as a plaintiff.

Nor has the plaintiff opposed the motion to dismiss. At this juncture, the adversary proceeding is being pursued in the name of a plaintiff who was dead when the adversary proceeding commenced, and so it was not commenced by someone having capacity to pursue the claims. Plainly the adversary proceeding may not proceed with Mary Durrum as the named plaintiff.

The adversary proceeding having been commenced in the name of someone incapable of pursuing the same, and no one having filed a motion to substitute a proper party as plaintiff, the unopposed motion to dismiss must be granted. See Adelsberger v. United States, 58 Fed. Cl. 616 (Ct. Cl. 2003) (motion to dismiss an action commenced when the named plaintiff was already dead could not be defeated by a motion to substitute as plaintiff the a decedent's wife who was not shown to be the personal representative of the decedent's estate (the only entity with capacity to pursue the claim)); Pasos v. Eastern S.S. Co., 9 F.$.D. 279 (D. Del. 1949). I need not reach the issue of whether a motion to substitute the personal representative of Durrum's estate as the plaintiff would succeed. Compare Esposito v. United States, 368 F.3d 1271 (10th Cir. 2004); Canterbury v. Federal Mogul Ignition Co., 483 F. Supp.2d 820, 825-26 (S.D. Iowa

2007); and <u>Brown v. Anselme (In re Polo Builders, Inc.)</u>, 374 B.R. 638 (Bankr. N.D. Ill. 2007), <u>with</u> <u>Mizukami v. Buras</u>, 419 F.2d 1319 (5th Cir. 1969); <u>Moul v. Pace</u>, 261 F.Supp. 616 (D. Md. 1966); <u>Banakus v. United Aircraft Corp.</u>, 290 F. Supp. 259 (S.D.N.Y. 1968); <u>Chorney v. Callahan</u>, 135 F. Supp. 35 (D. Mass. 1955).

[Signed and dated above.]

Copies to: Andre P. Barber, Esq.; Ronald L. Schwartz, Esq.; Debtor.